Kelley A. Cornish (KC/0754)
Diane Meyers (DM/5254)
James H. Millar (JM/6091)
Erica G. Weinberger (EW/1411)
Marc F. Skapof (MS/5746)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>THE PENN TRAFFIC COMPANY, et al.,<br><br>Debtors. | Chapter 11 Case No. 03-____ (ASH)<br><br>(Pending Joint Administration) |

**MOTION OF THE DEBTORS PURSUANT TO SECTIONS 105 AND 363
OF THE BANKRUPTCY CODE FOR ENTRY OF (I) AN INTERIM ORDER
AUTHORIZING THE INTERIM EMPLOYMENT OF STEVEN G. PANAGOS
AS CHIEF RESTRUCTURING OFFICER OF THE DEBTORS
AND SCHEDULING A FINAL HEARING ON THE SERVICES AGREEMENT,
AND (II) A FINAL ORDER AUTHORIZING THE DEBTORS
TO ENTER INTO THE SERVICES AGREEMENT
<u>WITH STEVEN G. PANAGOS AND KZC SERVICES, LLC</u>**

TO: THE HONORABLE ADLAI S. HARDIN
UNITED STATES BANKRUPTCY JUDGE

The Penn Traffic Company ("Penn Traffic"), Dairy Dell, Inc. ("Dairy Dell"), Penny Curtiss Baking Company, Inc. ("Penny Curtiss"), Big M Supermarkets, Inc. ("Big M"), Sunrise Properties, Inc. ("Sunrise"), Pennway Express, Inc. ("Pennway"), Big Bear Distribution Company ("Big Bear Distribution"), Commander Foods, Inc.

("Commander"), Abbott Realty Corporation ("Abbot Realty"), Bradford Supermarkets, Inc. ("Bradford"), P&C Food Markets, Inc. of Vermont ("P&C Vermont"), P.T. Development, LLC ("PT Development") and PT Fayettville/Utica, LLC ("PT Fayetteville"), the above-captioned debtors and debtors in possession (each a "Debtor," and collectively, the "Debtors"), through their undersigned counsel, hereby file this motion (the "Motion"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), seeking (i) authorizing the interim employment of Steven G. Panagos as Chief Restructuring Officer (the "Interim Order") and scheduling a final hearing on the services agreement dated as of May 29, 2003 between the Debtors and Steven G. Panagos ("Panagos") and KZC Services, LLC ("KZCS, LLC") (the "Services Agreement"), a copy of which is attached hereto as Exhibit A. In support of this Motion, the Debtors hereby respectfully state the following:

**BACKGROUND**

1. On May 30, 2003 (the "Petition Date"), concurrently with the filing of this Motion, Penn Traffic, together with its wholly and indirectly owned subsidiaries, Dairy Dell, Penny Curtiss, Big M, Sunrise, Pennway, Big Bear Distribution, Commander, Abbott Realty, Bradford, P&C Vermont, PT Development and PT Fayetteville, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors also have filed a motion for joint administration of their cases for procedural purposes only.

2. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code. No trustee, examiner or creditors' committee has been appointed in these cases.

3. This Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 157 and 1334 and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Penn Traffic, a publicly-traded Delaware corporation, is one of the leading food retailers in the eastern United States, with annual revenues of approximately $2.3 billion. Penn Traffic operates approximately 212 supermarkets located throughout upstate New York, Pennsylvania, Ohio and northern West Virginia operating under the "Big Bear," "Big Bear Plus," "Bi-Lo," "P&C," and "Quality" trade names. In addition to its retail operations, Penn Traffic serves as a wholesaler for approximately 80 licensed franchisees and 66 independent operators, operates distribution facilities in New York, Pennsylvania and Ohio, and owns and operates a bakery processing plant in Syracuse, New York.

5. Dairy Dell is a Pennsylvania corporation that formerly was a distributor of dairy products, but presently is an inactive corporation; Penny Curtiss is a New York corporation that manufactures and distributes fresh and frozen baked goods for distribution to Penn Traffic's stores as well as to unrelated stores; Big M, a New York corporation, is a franchisor, wholesaler and service provider for various independent retail grocers. Sunrise is a Pennsylvania corporation that owns and leases real property, primarily in connection with the Debtors' supermarket operations; Pennway is a Pennsylvania corporation that operates a trucking and freight business; Big Bear

Distribution is a Delaware corporation that operates a transportation company which owns the trucks used in Penn Traffic's transportation business. Commander Foods, Inc. is a New York corporation that formerly was involved in the Debtors' private label business but presently is an inactive corporation. Abbott Realty and Bradford are Vermont corporations that formerly were used to lease real property for supermarkets but which presently are inactive. P&C Vermont is a Vermont corporation that holds certain Vermont state licenses. PT Development is a New York limited liability company that holds a 1% interest in PT Fayetteville, the New York limited liability company that owns the real and personal property for a supermarket in Fayetteville, New York. Additional general background regarding the Debtors and the events leading up to the filing of these chapter 11 cases is set forth in the Affidavit of Joseph V. Fisher in Support of Voluntary Petitions and Various First Day Applications and Motions sworn to on May 29, 2003 (the "Fisher Affidavit").

## HISTORY OF SERVICES FOR THE DEBTORS

6. On or about May 19, 2003, pursuant to a prepetition letter agreement (the "Prepetition Agreement"), the Debtors engaged Kroll Zolfo Cooper LLC ("KZC") to which Steven G. Panagos is a managing director, to provide advisory services in connection with the Debtors' financial restructuring. The following details many of the specific activities and analyses that KZC personnel initiated, participated in or led since pursuant to the Prepetition Agreement:

    (a) Advising and assisting management in evaluating and challenging the Debtors' short-term cash-flow projections, including underlying assumptions.

4

(b) Advising and assisting management in developing the Debtors' business plan, including underlying assumptions, and in identifying potential strategies and tactics to improve the Debtors' economic model. Such business plan will be used as a basis for developing capital restructuring alternatives.

(c) Advising and assisting management in developing long-term capital restructuring alternatives.

(d) Advising and assisting management in negotiating and implementing the Debtors' selected capital restructuring plan with various creditors, as necessary.

(e) Advising and assisting management regarding contingency planning for a chapter 11 proceeding, if required.

(f) KZC provided such services from the date of the engagement letters up to immediately prior to the filing of the chapter 11 petitions.

## INFORMATION ABOUT KZC AND KZCS, LLC (COLLECTIVELY "KZCSLLC")

7. KZCSLLC is one of the world's leading financial advisory, interim management and litigation support and forensic accounting organizations, with a team of 350 restructuring, litigation and forensic specialists in North America and Europe/UK. KZCSLLC specializes in working with companies, creditors, investors and others in out-of-court workouts and chapter 11 proceedings. KZCSLLC has served as interim managers and financial advisors in financially complex bankruptcies and workouts involving billions of dollars in debt. Over the past two decades, KZCSLLC has cultivated an in-depth understanding of the various economic stakeholders, their divergent perspectives and the ways to achieve consensus amid contention. KZCSLLC has experience in virtually all aspects of the retail industry, as well as experience with

5

large multinational companies. A sample of KZCSLLC's relevant public retail industry clients include: Clark Retail Group, Cumberland Farms, Finevest Foods, Pantry Pride (Food Fair, Inc.), Schwegmann Giant Super Markets and Twin Country Grocers, Inc. KZCSLLC's qualifications, including a description of its staffing and approach in providing services are more fully set forth in the appended Affidavit of Steven G. Panagos (the "Panagos Affidavit,") attached hereto as Exhibit B, filed in support of this Motion and in the Statement of Qualifications, attached hereto as Exhibit C.

## RELIEF REQUESTED

8. By this Motion, the Debtors request entry of an order, pursuant to sections 105(a) and 363 of the Bankruptcy Code, (i) authorizing the interim employment of Steven G. Panagos as the Debtors' Chief Restructuring Officer and scheduling a final hearing on the Services Agreement and (ii) a final order approving the Services Agreement. A summary of the material terms and conditions of the Services Agreement is set forth herein.

## SERVICES TO BE RENDERED

9. Subject to further order of this Court, the professional services that Panagos and KZCS, LLC will be asked to render the Debtors are set forth in the attached Services Agreement.

10. More specifically, the terms of the Services Agreement, including the services to be performed, are as follows:

> ***Engagement.*** *Penn on behalf of itself and the Debtors hereby engage Panagos and KZCS, LLC and Panagos and KZCS, LLC hereby accepts such engagement, on the terms and conditions set forth in this Agreement. KZCS, LLC shall provide additional individuals certain of*

6

*which are identified on Exhibit 1 hereto (the "Associate Directors of Restructuring") to work for the Debtors as set forth below. In the event the use of more Associate Directors of Restructuring are required or a change is necessary in the specific individual assigned as Associate Director of Restructuring, to meet the requirements of the work to be performed, Panagos and KZCS, LLC will notify Penn. All compensation for the services and actions of Panagos and KZCS, LLC and the Associate Directors of Restructuring under this Agreement will be paid to KZCS, LLC.*

***Duties.***

*(a) The Debtors represent to Panagos and KZCS, LLC that its Board of Directors (the "Board") has duly elected Panagos as the Chief Restructuring Officer. Subject to obtaining Bankruptcy Court approval of this Agreement, Panagos and KZCS, LLC will assign Associate Directors of Restructuring to serve in various capacities with the Debtors and to perform other services required of KZCS, LLC hereunder.*

*(b) In his capacity as Chief Restructuring Officer, Panagos shall report to the Board and Penn Traffic's Chief Executive Officer (the "CEO"). The duties and responsibilities of Panagos shall include such duties and responsibilities as are typically assigned to a chief restructuring officer of a company subject to chapter 11 proceedings, including the following:*

- a. *Oversee, with the approval of the Board and the CEO, all restructuring and refinancing related efforts of the Debtors, including:*

    - (i) *the activities of all professionals retained to assist in the Debtors' restructuring efforts;*

    - (ii) *the preparation and presentation of reports and other general communications with the Debtors' creditors and shareholders; and*

    - (iii) *at the Board's request, the development of a restructuring plan for the Debtors.*

- b. *Assist the CEO and other senior management in the preparation of an operating plan and cash flow forecast;*

*c. Assist the CEO and other senior management in the identification of cost reduction opportunities and working capital opportunities;*

*d. Assist the CEO and other senior management with other operational issues, as requested; and*

*e. Engage in such other activities as are approved by the Board or the CEO.*

*Panagos and Associate Directors of Restructuring (individually, a "Representative" and collectively, the "Representatives") shall not have any authority to make decisions with respect to hiring or terminating officers, executing transactions or otherwise committing the Debtors or its resources other than in the ordinary course of business unless approved by the Board and, if required, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").*

*(c) Panagos shall devote a minimum, on average, of 40 hours per month during the term of this Agreement to the duties and responsibilities set forth herein. Panagos shall cause Associate Directors of Restructuring to devote a portion of their business time to the performance of services for the Debtors hereunder on behalf of the KZCS, LLC, as deemed necessary.*

*(d) In undertaking to provide the services set forth herein, Panagos and KZCS, LLC do not guarantee or otherwise provide any assurances that they will succeed in restoring the Debtors' operational and financial health and stability and, except for the amount referenced in Section 4(b) hereof, the Debtors' obligation to provide the compensation specified under Section 4 hereof shall not be conditioned upon any particular results being obtained by Panagos and KZCS, LLC.*

*(e) Penn Traffic, on behalf of the Debtors, acknowledges that each Representative may be required to make decisions with respect to extraordinary measures quickly and that the depth of their analyses of the information on which their decisions will be based may be limited in some respects due to the availability of information, time constraints and other factors. Moreover, each Representative shall be entitled, in performing his duties hereunder on behalf of KZCS, LLC, to*

*rely on information disclosed or supplied to them by the Debtors without verification or warranty of accuracy or validity.*

      *(f)    Panagos will endeavor to keep the Board and the CEO fully apprised of his findings, plans and activities.*

    ***Term.***  *The term of Panagos' and KZCS, LLC's engagement hereunder shall commence on the date that the petitions commencing the Debtors' voluntary chapter 11 cases are filed and shall continue on a month to month basis through the consummation of a chapter 11 plan or plans of reorganization for the Debtors, unless sooner terminated pursuant to an order of the Bankruptcy Court.*

    ***Compensation.***  *Panagos and KZCS, LLC's compensation hereunder shall consist of the following:*

      *(a)    The Debtors shall pay a monthly fee of $275,000 to KZCS, LLC, payable on a pro-rated basis in immediately available funds upon Bankruptcy Court approval of this Agreement, and on the first day of each month thereafter throughout the term hereof. KZCS, LLC will keep records of all actual hours charged by its professionals and expenses incurred in connection with this matter. At the end of each month, KZCS, LLC shall provide to the Debtors a statement of actual hourly charges and expenses relating to the prior full month, and the payment for the upcoming month shall be increased or decreased accordingly to compensate KZCS, LLC for the prior month based upon actual hourly charges and expenses incurred.*

      *(b)    If the Debtors file a plan or plans of reorganization contemplating a restructuring of all or a substantial portion of the Debtors, or the sale of all or a substantial portion of the Debtors as a going concern within ninety days of the filing of the Debtors' chapter 11 cases, and such plan or plans is/are confirmed by the Bankruptcy Court within ninety days of the filing such plan or plans, the Debtors will pay to KZCS, LLC a consummation fee, upon the consummation of such plan or plans, of $2,500,000 (the "Consummation Fee"). The Consummation Fee will be reduced by $100,000 per month for each month thereafter that the foregoing events are not timely achieved; <u>provided</u>, <u>however</u>, that in no event shall the Consummation Fee, if one is payable, be less than $2,000,000. In the event that the Debtors are liquidated, rather than reorganized or sold as a going concern, KZCS, LLC shall not be entitled to receive any fee other than the monthly fee provided for in paragraph 4(a) hereof.*

9

*(c) Expenses – Panagos and KZCS, LLC will be reimbursed for reasonable out-of-pocket expenses including, but not limited to, costs of travel, reproduction, typing, computer usage, legal counsel (including legal counsel retained to draft and enforce this Agreement), any applicable state sales or excise tax and other direct expenses.*

*(d) Retainer - A security retainer will be paid prior to the commencement of our activities to be held by KZCS, LLC throughout this engagement. The retainer secures final payment of our invoices for services rendered. Given the magnitude and scope of the services you have requested, we require a retainer of five hundred thousand dollars ($500,000), inclusive of any retainers previously paid by the Debtors to KZC. This retainer will be returned to you upon payment in full of our outstanding invoices or applied to any outstanding invoices at the conclusion of our engagement. The actual amount of the retainer will slightly increase or decrease depending on prepetition amounts outstanding or prepetition amounts paid in advance and in excess of actual amounts due.*

*The compensation provided for in this Agreement shall constitute full payment for the services to be rendered by Panagos and KZCS, LLC to the Debtors hereunder. All compensation and reimbursement due to, and other rights of, KZCS, LLC in accordance with this Agreement, including, without limitation indemnification obligations, shall be considered and allowed as administrative expenses in accordance with section 503 of the Bankruptcy Code and shall be paid in accordance with the terms and provisions of Sections 4 above.*

**Indemnification.**

*(a) The Debtors shall indemnify and hold harmless Panagos, KZCS, LLC, and Representatives to the fullest extent permitted under (i) the Articles of Incorporation and by-laws of the Debtors, (ii) the laws of the State of Delaware, and (iii) any order of the Bankruptcy Court providing for indemnification of the persons engaged in the bankruptcy proceedings.*

*(b) If Panagos or KZCS, LLC or any principal or agent of KZCS, LLC is required to testify at any time after the expiration or termination of this Agreement at any administrative or judicial proceeding relating to any services provided by Panagos and KZCS, LLC hereunder, then Panagos and KZCS, LLC shall be entitled to be compensated by the*

*Debtors for Panagos, KZCS, LLC and Representatives' associated time charges at the regular hourly rates in effect at the time and to be reimbursed for reasonable out-of-pocket expenses, including counsel fees.*

*(c) The Debtors have furnished to Panagos and KZCS, LLC a true, correct and complete copy of the Executive and Organization Liability Insurance Policy No. 511-83-42 (the "Policy 1") issued to the Debtors by AIG American International Companies/National Union Fire Insurance Co. of Pittsburgh, Pa (the "Insurer 1") and the Debtors Excess Directors and Officers Liability and Company Indemnification Insurance Policy No. GA0350557 (Policy 2") (collectively with Policy 1, the "Policies") issued to the Debtors by Gulf Insurance Group (collectively with Insurer 1, the "Insurers"). The Debtors represent that the Policies are in full force and effect and that no event has occurred that constitutes or, with the passage of time or notice would constitute, an event of default thereunder or that would otherwise give the Insurer any right to cancel such Policies. Promptly and in any event within two business days after the Bankruptcy Court shall have entered an order approving this Agreement, the Debtors shall notify the Insurers of the election of Steven G. Panagos as Chief Restructuring Officer and of the appointment of any Associate Directors of Restructuring who become an officer of the Debtors. The Debtors shall cause their insurance broker to send copies of all documentation and other communications regarding the Policies, including without limitation any renewal or cancellation thereof, to the attention of Panagos. Panagos and any Associate Directors of Restructuring who become officers of the Debtors shall have all indemnities available to the officers of the Debtors pursuant to the Debtors' certificate of incorporation and bylaws, and any claim for such indemnities shall be treated as an administrative expense in the Debtors' bankruptcy case. The Debtors shall maintain directors and officers liability insurance coverage and employment practices insurance coverage comparable as to terms (including without limitation the provisions or any similar provision regarding extension of the discovery period thereunder) and amounts as that provided under the Policies during the term of this Agreement, with any such replacement coverage being obtained from an insurer with a rating from a nationally recognized rating agency not lower than that of the Insurers. Upon any cancellation or nonrenewal of the Policies by the Insurer, the Debtors shall exercise its rights under the applicable clause of the Policies to extend the claim period for a one-year "discovery period" and shall exercise such rights and pay the premium required thereunder within the 30-day period specified therein. The Debtors shall use commercially reasonable efforts, in connection with the next renewal of the Policies, to negotiate to extend the discovery period set forth in the Policies from one to three years.*

11. Panagos and KZCS, LLC's decision to accept its engagement to assist the Debtors is contingent upon Panagos and KZCS, LLC's ability to be retained in accordance with terms and conditions of the Services Agreement.

12. The services listed above are vital to the success of these Chapter 11 cases, and the Debtors require knowledgeable management to render such services. KZC's role and interaction with internal and external constituencies has made the team, particularly Mr. Panagos, critical to completing this restructuring on an expedited basis. The Debtors believe Panagos' and KZC's prior knowledge and involvement with the Debtors' situation will be beneficial and in the best interest of all parties involved. Accordingly, the Debtors believe that Panagos and KZCS, LLC are well qualified to perform these services and to assist the Debtors in these cases.

13. Panagos and KZCS, LLC have indicated that they understand and accept that the terms of the Services Agreement must be approved by the Bankruptcy Court. However, Panagos and KZCS, LLC would prefer to resolve at this time any objection, by the Bankruptcy Court or other parties in interest, with respect the terms of the Services Agreement. Accordingly, Panagos and KZCS, LLC have chosen to be very explicit in the Panagos Affidavit and the Services Agreement, the terms and conditions of its employment, its staffing and approach, and its billing practices, and has requested that the Debtors seek this Court's approval of such matters contemporaneously with the filing of this Motion.

**BASIS FOR RELIEF**

14. Section 363 of the Bankruptcy Code provides that transactions not in the ordinary course of business must be approved by Court order. Courts within the Second Circuit routinely have held that transactions should be approved under section 363 of the Bankruptcy Code when they are supported by the sound business judgment of management. See, e.g., Comm. Of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063 (2d. Cir 1983) (outlining requirements for the sale of assets under section 363(b)). Indeed, bankruptcy courts in this District and other districts have authorized the employment by a debtor of a chief restructuring officer pursuant to section 363 of the Bankruptcy Code. See In re Iridium Operating LLC, et al. Case No. 99-45005 (CB) (Bankr. S.D.N.Y. Aug. 13, 1999); In re Bill's Dollar Stores, Inc., Case No. 01-0435 (LK) (Bankr. D. Del. Feb. 14, 2001).

15. Similar management services agreements between KZC and/or its affiliates[1] and other chapter 11 debtors have been approved by this Court and other courts, pursuant to sections 105 and 363 of the Bankruptcy Code. See, e.g., In re Metromedia Fiber Network, Inc. ("MFN"), Case No. 02-22736 (ASH) (Bankr. S.D.N.Y. 2002) (KZC engaged as an independent contractor to serve as the debtors' Chief Restructuring Officer, a member of the Boards of Directors; and a member of the Executive Committee of the Boards of Directors); In re Malden Mills Indus., Inc., Case

---

[1] An affiliate of KZC, Stephen Forbes Cooper, LLC ("SFC"), is currently retained in the Enron Corporation chapter 11 proceeding in the jurisdiction of the United States Bankruptcy Court for the Southern District of New York, where SFC is retained as an independent contractor under an agreement to provide management services pursuant to Section 363 of the Bankruptcy Code.

No. 01-47214 (JBR) (Bankr. W.D. Mass. 2001) (KZC engaged as Chief Restructuring Officers for debtors).

16. Court approval is warranted here because the Debtors have exercised their sound business judgment in determining that their entry into the Services Agreement with Panagos and KZCS, LLC is in the best interests of their estate and creditors. As indicated herein and in the Panagos Affidavit, Panagos and KZCS, LLC are very familiar with the Debtors' operations and capital structure. Moreover, Panagos and KZCS, LLC are fully skilled and capable of providing the critical services to the Debtors as such are detailed herein and in the Services Agreement.

## NOTICE

17. No trustee, examiner or creditors' committee has been appointed in these cases. Notice of this Motion has been given to (i) the Office of the United States Trustee for this District, (ii) counsel to the agent for the Debtors' prepetition secured lenders, (iii) each of the Debtors' prepetition secured lenders, (iv) counsel to the agent for the Debtors' postpetition secured lenders, (v) each of the Debtors' postpetition secured lenders, (vi) Debtors' thirty (30) largest creditors on a consolidated basis, and (vii) the Indenture Trustee. In light of the nature of the relief requested herein, the Debtors submit that no further notice is necessary.

## WAIVER OF MEMORANDUM OF LAW

18. Pursuant to Local Bankruptcy Rule for the Southern District of New York 9013-1(b), because there are no novel issues of law presented herein, the

Debtors respectfully request that the Court waive the requirement that the Debtors file a separate memorandum of law in support of this Motion.

## NO PRIOR REQUEST

19. No prior application for the relief requested herein has been made to this Court.

**WHEREFORE** the Debtors respectfully request entry of an order (i) authorizing the interim employment of Steven G. Panagos as Chief Restructuring Officer for the Debtors and scheduling a final hearing on the proposed Services Agreement, (ii) a final order approving the Services Agreement and (iii) such other and further relief as is just and proper.

Dated: New York, New York  PAUL, WEISS, RIFKIND, WHARTON &
       May 30, 2003  GARRISON LLP

By:   /s/ Kelley A. Cornish
     (A Member of the Firm)

Kelley A. Cornish (KC/0754)
Diane Meyers (DM/5254)
James H. Millar (JM/6091)
Erica G. Weinberger (EW/1411)
Marc F. Skapof (MS/5746)
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Telecopier: (212) 757-3990

Attorneys for Debtors and Debtors in Possession

**PROPOSED ORDER**

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>THE PENN TRAFFIC COMPANY, et al.,<br><br>Debtors. | Chapter 11 Case No. 03-____ (ASH)<br><br>(Pending Joint Administration) |

**INTERIM ORDER AUTHORIZING (I) THE INTERIM EMPLOYMENT
OF STEVEN G. PANAGOS AS CHIEF RESTRUCTURING OFFICER OF
THE DEBTORS AND SCHEDULING A FINAL HEARING ON PROPOSED
SERVICES AGREEMENT AND (II) A FINAL ORDER APPROVING
THE SERVICES AGREEMENT WITH STEVEN G. PANAGOS
AND KZC SERVICES, LLC.**

This matter coming to be heard upon the motion (the "Motion")[1] of the Debtors for an order approving the Agreement, a copy of which is attached to the Motion as Exhibit A, between the Debtors and Steven G. Panagos ("Panagos"), and KZC Services, LLC ("KZCS, LLC" or the "Firm") wherein the Debtors shall engage Panagos and KZCS, LLC to provide to the Debtors the services of Panagos as Chief Restructuring Officer and the services of other professional staff to serve as Associate Directors of Restructuring (as defined in the Agreement); the Court having reviewed the Motion and the appended Panagos Affidavit in support of such Motion; the Court having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the approval of the Agreement is in the

---

[1] Capitalized terms not defined herein shall have the meaning ascribed thereto in the Motion.

best interests of the Debtors, their respective estates, their creditors and other parties in interest herein; (b) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (d) notice of the Motion and hearing was sufficient under the circumstances; the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein and notice of the Motion having been given to (i) the Office of the United States Trustee for this District, (ii) counsel to the agent for the Debtors' prepetition secured lenders, (iii) each of the Debtors' prepetition secured lenders, (iv) counsel to the agent for the Debtors' postpetition secured lenders, (v) each of the Debtors' postpetition secured lenders, (vi) Debtors' thirty (30) largest creditors on a consolidated basis, and (vii) the Indenture Trustee; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED**, that the Motion is granted; and it is further

**ORDERED**, that the Agreement is hereby approved in its entirety; and it is further

**ORDERED**, that the Debtors shall be, and hereby are, authorized on an interim basis to employ Panagos and KZCS, LLC to provide management services to the Debtors on the terms and conditions set forth in the Services Agreement; and it is further

**ORDERED**, that KZCS, LLC shall be authorized on an interim basis to assign Panagos as the Chief Restructuring Officer and other staff to serve as Associate Directors of Restructuring to work for the Debtors on the terms and conditions set forth in the Services Agreement. Panagos and KZCS, LLC shall not be required to apply to

the Court for payment of any compensation or reimbursement of any expenses under the Agreement; and it is further

**ORDERED**, that a final hearing shall be held on June __, 2003 to approve the interim relief granted herein on a final basis; and it is further

**ORDERED**, that Panagos and KZCS, LLC shall be, and hereby are, authorized on an interim basis to perform the services as defined in the Motion, the Services Agreement and the Panagos Affidavit; and it is further

**ORDERED**, that all compensation and reimbursement due to, and other rights of, Panagos and KZCS, LLC in accordance with the Services Agreement, including, without limitation indemnification obligations, shall be treated and allowed as administrative expenses in accordance with section 503 of the Bankruptcy Code and shall be paid in accordance with the terms and provisions of Section 4 of the Services Agreement; provided, however, that KZCS, LLC shall be liable for, and responsible for the payment of any taxes, withholding or otherwise, associated with the payment of compensation and reimbursement for individuals provided by KZCS, LLC; and it is further

**ORDERED**, that for a period of three years after the conclusion of the engagement, the Fund shall not make any investment in the Debtors or the reorganized Debtor; and it is further

**ORDERED**, that the Consummation Fee which may become due to KZCS, LLC in accordance with the Services Agreement shall be payable, subject to

review by the United States Trustee, for reasonableness under all the relevant circumstances; and it is further

**ORDERED**, that the Court shall retain jurisdiction over any and all disputes arising under or otherwise relating to the construction, performance and enforcement of the terms and conditions of the Services Agreement; and it is further

**ORDERED**, that the Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement shall have no material adverse effect on the Debtors' estates or their creditors.

Dated: White Plains, New York
            _____, 2003

                                        HONORABLE ADLAI S. HARDIN
                                        UNITED STATES BANKRUPTCY JUDGE